[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2007
THOMAS K. KAHN
CLERK

No. 06-16186
Non-Argument Calendar

_____

D. C. Docket No. 06-00262-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELWIN COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 22, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Delwin Cole appeals his 63-month sentence for being

a felon in possession of a firearm. After review, we affirm.

## I. BACKGROUND

Cole was charged with two counts of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cole pled guilty without the benefit of a plea agreement.

The presentence investigation report ("PSI") recommended a total offense level of 19 and a criminal history score of VI, resulting in an advisory guidelines range of 63 to 78 months' imprisonment. Cole did not object to the PSI's guideline calculations.

Prior to the sentencing hearing, Cole filed a sentencing memorandum, stating that he had experienced a long struggle with drug addiction and that he had been supplied cocaine by the confidential informant ("CI") involved in his firearms offenses. According to Cole, the CI had asked Cole to sell a gun for him and offered to split the proceeds. On two subsequent occasions, the CI gave Cole a gun and instructed him to sell it to individuals who were actually undercover agents with the bureau of Alcohol, Tobacco and Firearms ("ATF"). Cole requested a four-year sentence, arguing that a variance from the advisory guidelines range was justified in light of his struggle with drug addiction, the fact that the CI "orchestrated" the gun sales, and the fact that he was not given an opportunity to

assist the government because the government would not accept his version of the facts.

At sentencing, Cole requested a two-and-a-half to three year sentence based on: (1) Cole's allegations in the sentencing memorandum; (2) the fact that most of Cole's past offenses were non-violent and related to his drug addiction; and (3) the fact that Cole was not given a meaningful opportunity to cooperate with the government. The district court stated that Cole's allegations in the sentencing memorandum were troubling, but that the allegations did not constitute entrapment and that the bottom line was that Cole "was selling guns for money so he could buy drugs." In imposing a 63-month sentence, the district court stated that it had considered the "statutory factors," the "advisory guideline range" and Cole's "past history" and concluded that "even assuming what [Cole] said [was] true about the informant," the guideline range was a reasonable range for the sentence. Cole filed this appeal.

## II. DISCUSSION

On appeal, Cole argues that his sentence was unreasonable, in light of the fact that the CI took advantage of his addiction to drugs to induce him to sell firearms to undercover agents.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district

court, in determining a reasonable sentence, must consider the correctly calculated advisory guideline range and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).[1]  Although the district court must consider the § 3553(a) factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. at 1329-30.

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). This "[r]eview for reasonableness is deferential," and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

unreasonable in the light of both [the] record and the factors in section 3553(a)."

Id.

Here, we cannot say that Cole's 63-month sentence was unreasonable. Cole does not challenge the district court's guidelines calculations. Furthermore, the district court explicitly noted that it had considered the § 3553(a) factors and the advisory guideline range. The district court imposed a sentence at the low end of the advisory guideline range after explicitly considering the circumstances surrounding Cole's offenses, including his allegations of misconduct on the part of the CI.

**AFFIRMED.**